IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,         §
                                  §
            Plaintiff,            §
                                  §
v.                                §    CRIMINAL NUMBER H-12-272-10
                                  §
CHAD RAY FOLMSBEE,                §
                                  §
            Defendant.            §

## MEMORANDUM OPINION AND ORDER

Defendant, Chad Ray Folmsbee, has filed Defendant's Motion to Compel the Federal Bureau of Prisons to Comply With Sentencing Court's Mandate ("Defendant's Motion to Compel") (Docket Entry No. 1525), to which the United States has filed Government's Response to Defendant's Motion to Compel (Docket Entry No. 1526), and Folmsbee has filed Defendant's Reply to Government's Response to Motion to Compel (Docket Entry No. 1527).

Folmsbee asks the court to order the Federal Bureau of Prisons ("BOP") to calculate his sentence in accordance with the court's Judgment in a Criminal Case ("Judgment") (Docket Entry No. 1347), which stated:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 140 months. This term consists of ONE HUNDRED FORTY (140) MONTHS as to Count 1.
>
> This term is to run concurrently with the defendant's undischarged term of imprisonment imposed in United States Docket No. 4:11CR00576-001, beginning as of the date of this Judgment (December 16, 2014).

Folmsbee argues:

> 6. When Defendant was sentenced in the present case, the Court specifically stated, pursuant to Defense Counsel's agreement with the Office of the United States Attorney, that the 140 month sentence would run concurrently with the sentence in 4:11-576.
>
> . . .
>
> 8. Pursuant to 18 USC 3585(a)&(b), 18 USC 3584(a), and PS 5880 et. seq. of the BOP Sentencing Computation Manual, Defendant's concurrent sentence should be calculated beginning on October 22, 2012, the date Defendant was indicted on 4:12-272, as he was already in qualifying federal custody.
>
> 9. Despite the clear mandate of the Court and the controlling statutes, the BOP Sentence Monitoring Computation Data Sheet has the BOP beginning calculation of the concurrent sentence on December 16, 2014, thus depriving Defendant of a benefit this Court clearly intended to provide.

Defendant's Motion to Compel, Docket Entry No. 1525, p. 2.

Folmsbee is not entitled to relief for two reasons. First, Folmsbee has not shown that the court has jurisdiction to direct the BOP how to calculate his sentence. "[A] district court is not authorized to **compute** service credit under § 3585. (citations omitted) Rather, the Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, is awarded to prisoners." United States v. Alas, 589 F. App'x 290, 291 (5th Cir. 2015).

Second, even if the court had jurisdiction to direct the BOP how to calculate Folmsbee's sentence, the factual basis for his motion is wrong. The court did not direct that his sentence in

-2-

this action would run concurrently with his sentence in 4:11cr576-01 from October 22, 2012, the date of his indictment in this action. Instead, as quoted above, the Judgment states that the sentences in the two cases would run concurrently "beginning as of the date of this Judgment (December 16, 2014)."

The language of the Judgment reflects the oral pronouncements the court made of Folmsbee's sentence:

> THE COURT: I sentence you to 140 months in custody. It will run concurrently from today with your sentence in Criminal Action H-11-576. You will then serve five years of supervised release.

Transcript of Sentencing of Chad Ray Folmsbee on December 16, 2014, Docket Entry No. 1446, p. 5 lines 8-11.

Accordingly, Defendant's Motion to Compel the Federal Bureau of Prisons to Comply With Sentencing Court's Mandate (Docket Entry No. 1525) is **DENIED**.

**SIGNED** at Houston, Texas, on this 2nd day of November, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE